IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK ADRIAN JOHNSON,** § | | |
| **#36454-177,** § | | |
| **PLAINTIFF,** § | | |
| § | | |
| v. § | | **CASE NO. 3:18-CV-1329-G-BK** |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| **DEFENDANT.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

On May 24, 2018, Plaintiff Derrick Adrian Johnson, a federal pretrial detainee, filed a *pro se* pleading titled, "*Motion under 28 U.S.C. § 1331*" (docketed as a complaint), against the United States and the United States Department of Justice, seeking "monetary damages and/or financial compensation for the loss of personal property." Doc. 3 at 1. Johnson avers that he was arrested by the Dallas Police Department on July 26, 2007, and subsequently charged by the FBI with bank robbery. Doc. 3 at 2. He complains about the loss of personal property that he was either wearing or had in his possession at the time of his arrest, specifically: (1) a platinum and diamond watch, (2) a platinum bracelet, (3) a platinum necklace, (4) a silver and diamond

cross, (5) a cell phone, and (6) a laptop computer (the latter recovered from a different location shortly after his arrest). Doc. 3 at 1-2. Johnson maintains that his personal property had an approximate value of $68,950 and was taken from him soon after his arrest but never forfeited. *Id.* He avers that his property is "no longer within 'the possession, custody or control' of any government agency." *Id.*

In response to the Court's deficiency order, Johnson filed an amended complaint on the court's form against the United States, the U.S. Department of Justice and apparently, the U.S. Attorney for the Northern District. Doc. 5 at 1, 3. He reiterates his previous allegations and seeks compensation for the "full value [of] property that was inappropriately within the custody and control of the Gov[ernment]" and that "has since disappeared." Doc. 5 at 3-4. Johnson also filed *Answers to Magistrate Judge's Questionnaire*, expounding on the allegations in the complaint. Doc. 9.[1]

## II.   ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to

---

[1] In 2008, Johnson was convicted of bank robbery and sentenced to 115 months' imprisonment in *United States v. Johnson*, No. 3:07-CR-257-N (N.D. Tex. Apr. 18, 2008). On December 14, 2018, his supervised release was revoked, and he was sentenced to 24 months' imprisonment. Contemporaneously, Johnson was sentenced to 132 months for bank robbery in *United States v. Johnson*, No. 3:16-CR-349-N (N.D. Tex. Dec. 15, 2018).

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Johnson's complaint is fails to state a claim and seeks monetary relief against defendants who are immune from such relief.

Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and quoted cases omitted)). Here, Plaintiff presents no proof of such consent or any other authority for suing the United States Government and the U.S. Department of Justice. Doc. 3 at 1-2; Doc. 5 at 3-4. Indeed, in his *Answers to Magistrate Judge's Questionnaire*, he affirms that he is not suing the Government under the Federal Tort Claims Act. Doc. 9 at 5. Moreover, any claims for monetary damages against the U.S. Attorney in her official capacity are likewise barred by the doctrine of sovereign immunity because they are considered as the actions of the federal agency by whom she is employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Smart v. Holder*, 368 Fed. Appx. 591, 593 (5th Cir. 2010) (per curiam) (affirming dismissal of claim against the Attorney General, the Acting United States Attorney, and the Department of Justice, "because sovereign immunity deprived the court of subject-matter jurisdiction" and "suits against federal officers in their official capacity are really suits against

the government, and for these suits to go forward, the government must waive its sovereign immunity").[2]

Moreover, it is futile for Johnson to amend his complaint to seek monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983 against the state or federal agents who allegedly seized his property. *Compare Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (remanding because the court should grant leave to amend to assert a claim under *Bivens* or section 1983 when the government no longer possesses the seized property); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). Even if Johnson could name a proper defendant, his *Bivens* and/or section 1983 claims would be time barred.[3] Johnson maintains that his property was seized on July 26, 2007, following his arrest. Doc. 3 at 1; Doc. 5 at 4. The deadline for filing suit was two years later, in July 2009. However, May 15, 2018 (the earliest possible date Johnson's complaint can be deemed filed, is well outside of the limitations period.[4] *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (holding Texas *Bivens* actions are governed by the two-year personal injury limitations period); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (holding same for section 1983 actions and noting limitations can be raised

---

[2] While Johnson indicates he does not recall filing an amended complaint naming the U.S. Attorney, the claim alleged nonetheless fails. Doc. 9 at 6

[3] The original complaint mentioned *Bivens*, but Johnson states in his *Answers to Questionnaire* that he is not suing under *Bivens*. *Compare* Doc. 3 at 1 *with* Doc. 9 at 5.

[4] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Johnson signed his complaint on May 8, 2018, and the affidavit in support of his complaint on May 15, 2015. Doc. 3 at 2, 6.

*sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2019).[5]

Finally, Johnson cannot demonstrate he is entitled to equitable tolling of the limitations period due to a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2010) ("a person is under a legal disability if the person is: (1) younger than 18 years of age . . . or (2) of unsound mind"). Johnson's imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Consequently, any *Bivens* or section 1983 claim stemming from the alleged loss of property would also fail to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (dismissing for failure to state a claim when allegations are time barred).

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). For the reasons outlined herein, Johnson's claims are fatally infirm. In addition, the Court has already given Johnson the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Thus, the Court concludes he has already pled his best case and granting leave to amend would be futile and cause needless delay.

---

[5] The six-year statute of limitations applies only to a civil action for return of seized property against the United States under Rule 41(g). *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (citing 28 U.S.C. § 2401(a)).

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[6]

**SO RECOMMENDED**, January 31, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[6] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, bars a prisoner from bringing "a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."